UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERIN JOHNSON,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>WINCO HOLDINGS, INC.; DOES 1-100, inclusive,<br><br>　　　　　Defendants. | Case No. 1:19-cv-00710-LJO-JLT<br><br>**ORDER DENYING STIPULATION TO AMEND THE CASE SCHEDULE**<br><br>**(Doc. 20)** |

The parties have stipulated to amend the case schedule to extend the non-expert discovery by about five weeks, and to extend the expert deadlines until November, to allow the motion for summary judgment, which will be filed in August, to be decided. (Doc. 20 at 2)

Once entered by the court, a scheduling order "controls the course of the action unless the court modifies it." Fed. R. Civ. P. 16(d). According to Fed. R. Civ. P. 16(b)(3), a case schedule may be modified only for good cause and only with the judge's consent. Fed. R. Civ. P. 16(b). In <u>Johnson v. Mammoth Recreations, Inc</u>., 975 F.2d 604, 610 (9th Cir. 1992), the Court explained,

> . . . Rule 16(b)'s "good cause" standard primarily concerns the diligence of the party seeking the amendment. The district court may modify the pretrial schedule "if it cannot reasonably be met despite the diligence of the party seeking the extension." Fed.R.Civ.P. 16 advisory committee's notes (1983 amendment) . . .[T]he focus of the inquiry is upon the moving party's reasons for seeking modification. . . If that party was not diligent, the inquiry should end.

Johnson, at 609. Parties must "diligently attempt to adhere to that schedule throughout the subsequent course of the litigation." Jackson v. Laureate, Inc., 186 F.R.D. 605, 607 (E.D. Cal. 1999); see Marcum v. Zimmer, 163 F.R.D. 250, 254 (S.D. W.Va. 1995).

From the Court's perspective, the extension is needed for the non-expert discovery deadline only because counsel failed to seek to take necessary depositions until shortly before the discovery cut-off.[1,2] The Court reminded the parties of their obligation to complete discovery within the current deadlines as recently as January 28, 2020 (Doc. 18) Just the day before, counsel reported that they "do not anticipate any impediments to completing discovery by the previously set discovery cutoff." (Doc. 17) Thus, the parties' current predicament in one of their own making.

As to the expert discovery, counsel report they would prefer to defer this discovery until after the Court has decided the motion for summary judgment, which the defense intends to file in August. Counsel fail to explain why this motion cannot be filed immediately, given that no expert discovery is needed for the motion. They do not describe the nature or cost of the expert discovery that they wish to defer.[3] They do not describe the case-related activities they expect will occur between March and August 2020. They do not account for the fact that they want the expert discovery deadline to occur just one day before the pretrial conference or explain how they will be prepared to discuss pretrial conference issues weeks before the pretrial conference as required by the Local Rules, despite not having completed expert discovery by that time.[4]

Finally, they do not explain why they could not have anticipated at the time of the scheduling conference, the desire to complete dispositive motions before beginning expert discovery. Indeed, nothing in the stipulation demonstrates a circumstance that they could not have been anticipated.

In part, the "good cause" standard requires the parties to demonstrate that "noncompliance with a

---

[1] The parties have provided no explanation why the plaintiff failed to produce requested documents in a timely fashion or why, when this was discovered on February 11, 2020, she did not comply immediately.
[2] They make clear they did not seek to set these depositions until the end of the nonexpert discovery period (Doc. 17), despite that scheduling depositions—especially with third parties—often is difficult.
[3] The Court has reviewed the complaint and anticipates that there may be retained medical experts and possibly an economist. Presumably, medical treaters were deposed during non-expert discovery. In any event, it appears that only a relatively minor amount of expert discovery at issue.
[4] Moreover, their proposed schedule seems to eliminate their right to file non-dispositive motions related to expert discovery, given the fact they have made no provision for the expiration of this deadline to occur on June 15, 2020.

2
JOINT STIPULATION TO CONTINUE FACT AND EXPERT DISCOVERY CUTOFF DEADLINES

62069223v.1

Rule 16 deadline occurred or will occur, notwithstanding her diligent efforts to comply, because of the development of matters which could not have been reasonably foreseen or anticipated at the time of the Rule 16 Scheduling conference . . ." Jackson, 186 F.R.D. at 608, emphasis added. The stipulation utterly fails to demonstrate good cause. Thus, the stipulation is **DENIED**.

IT IS SO ORDERED.

Dated:  **March 2, 2020**                    **/s/ Jennifer L. Thurston**
                                                             UNITED STATES MAGISTRATE JUDGE

62069223v.1