Todd M. Friedman (SBN 216752)
Meghan E. George (SBN 274525)
**Law Offices of Todd M. Friedman, P.C.**
21550 Oxnard St., Suite 780
Woodland Hills, CA 91367
Phone: (323) 306-4234
Fax: (866) 633-0228
tfriedman@toddflaw.com
abacon@toddflaw.com
mgeorge@toddflaw.com

Attorneys for Plaintiff
ERIN JOHNSON

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERIN JOHNSON,<br><br>         Plaintiff,<br><br>    v.<br><br>WINCO HOLDINGS, INC.; and DOES 1-100, inclusive,<br><br>         Defendants. | Case No.: 1:19-cv-00710-NONE-JLT<br><br>*[Assigned to the Hon. Jennifer L. Thurston, U.S. Magistrate Judge]*<br><br>**PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT, OR IN THE ALTERNATIVE, SUMMARY ADJUDICATION**<br><br>Date:      September 29, 2020<br>Time:      8:30 a.m.<br>Ctrm.:     4<br><br>*[Filed concurrently with Plaintiff's Response to Statement of Undisputed Facts, Plaintiff's Statement of Disputed Facts, Declaration of Meghan E. George, Plaintiff's Evidentiary Objections]*<br><br>Complaint filed:    May 11, 2020<br>Trial date:          January 19, 2021 |

1

# TABLE OF CONTENTS

**I.** **INTRODUCTION AND SUMMARY** ..................................................... **7**

**II.** **STATEMENT OF RELEVANT FACTS**.................................................. **8**

    **A.** **Defendant's Shoplifter Apprehension and Robbery Policy**.................. **8**

    **B.** **Summary of Plaintiff's Disputed Material Facts.**................................. **8**

    **C.** **Defendant's Evidence In Support of Summary Judgment**................. **10**

        *1.* *Van Leeuwen Declaration* ......................................................... *11*

        *2.* *Villeda Declaration*................................................................... *11*

        *3.* *Madison Declaration* ................................................................ *12*

**III.** **LEGAL STANDARD** ...................................................................... **12**

    **A.** **Plaintiff Has Established A Prima Facie Case For Her Claims.** ........ **14**

        *1.* *Disability Discrimination* ......................................................... *14*

        *2.* *Harassment* ............................................................................... *16*

        *3.* *Retaliation*................................................................................. *17*

        *4.* *Wrongful Termination in Violation of Public Policy*................. *17*

    **B.** **Defendant Fails To Show A Legitimate, Nondiscriminatory Reason For Plaintiff's Termination** ..................................................................... **18**

    **C.** **Triable Issues Exist Whether Defendant's Reason Was Pretextual** .. **21**

    **D.** **Defendant Failed to Support Its Factual Positions** ............................ **23**

        *1.* *Plaintiff Exhausted Administrative Remedies*........................... *23*

        *2.* *Plaintiff's Emotional Distress Claims Are Not Barred* ............ *24*

        *3.* *Plaintiff's Punitive Damages Claim* ......................................... *26*

**IV.** **CONCLUSION** .............................................................................. **28**

1

## **TABLE OF AUTHORITIES**

2

**Cases**

3

4

*Accardi v. Superior Court*, 17 Cal. App. 4th 341, 352 (1993), *as modified on denial of reh'g*
(Aug. 20, 1993) ................................................................................................. 25

5

*Al-Raheem v. Care*, No. 1:10- CV-2064 AWI, 2012 WL 2116530, at *5 (E.D. Cal. June 11,

6

2012) ................................................................................................................. 21

7

*Bergene v. Salt River Project Agr. Imp. & Power Dist.*, 272 F.3d 1136 (9th Cir. 2001) ............ 27

8

*Charles J. Vacanti, M.D., Inc. v. State Comp. Ins. Fund*, 24 Cal. 4th 800 (2001) ...................... 24

9

*City of Moorpark v. Superior Court*, 18 Cal. 4th 1143 (1998) ..................................................... 24

10

*City of St. Louis v. Praprotnik*, 485 U.S. 112 (1988) .................................................................... 27

11

*Clark v. AmTrust N. Am.,* No. 16-CV-05561-MEJ, 2018 WL 839148, at *11 (N.D. Cal. Feb. 13,

12

2018), *aff'd*, 792 F. App'x 456 (9th Cir. 2019) ................................................ 23

13

*Cleveland v. Groceryworks.com, LLC*, 200 F. Supp. 3d 924 (N.D. Cal. 2016) ........................... 19

14

*Commodore Home Sys., Inc. v. Superior Court*, 32 Cal. 3d 211 (1982) ...................................... 24

15

*Cruz v. HomeBase*, 83 Cal. App. 4th 160 (2000) ........................................................................ 26

16

*Dep't of Fair Employment & Hous. v. Lucent Techs., Inc.*, 642 F.3d 728 (9th Cir. 2011) .......... 18

17

*Dokes v. Safeway, Inc.*, No. 2:15-CV-01157-TLN-DB, 2018 WL 1518562, at *5 (E.D. Cal. Mar.

18

28, 2018) .......................................................................................................... 18

19

*Doutherd v. Montesdeoca*, No. 217CV02225MCEEFB, 2018 WL 3861570, at *4 (E.D. Cal.

20

Aug. 14, 2018) ................................................................................................. 24

21

*Duff v. Lobdell-Emery Mfg. Co.*, 926 F.Supp. 799 (N.D.Ind.1996) ............................................ 11

22

*E.E.O.C. v. Hacienda Hotel*, 881 F.2d 1504 (9th Cir.1989) ........................................................ 13

23

*Engelhard Indus., Inc. v. Research Instrumental Corp.*, 324 F.2d 347 (9th Cir. 1963) .............. 18

24

*Fretland v. Cty. of Humboldt*, 69 Cal. App. 4th 1478 (1999) ...................................................... 24

25

*Fulfer v. WinCo Holdings, Inc.,* No. 115CV00999TLNEPG, 2019 WL 5536326, at *15 (E.D.

26

Cal. Oct. 25, 2019) .......................................................................................... 21

27

*Fuller v. City of Oakland, Cal.*, 47 F.3d 1522 (9th Cir. 1995), *as amended* (Apr. 24, 1995) ...... 27

28

PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT, OR IN THE ALTERNATIVE,
SUMMARY ADJUDICATION

*Gifford v. Travelers Protective Ass'n*, 153 F.2d 209 (9th Cir. 1946) ........................................... 18

*Gomez v. J. Jacobo Farm Labor Contractor, Inc.*, 188 F. Supp. 3d 986 (E.D. Cal. 2016).......... 23

*Gonzalez v. USA Waste of California, Inc.*, No. CV 15-02073-AB (JCX), 2016 WL 5952823, at *6 (C.D. Cal. Feb. 9, 2016).................................................................................................... 18

*Goulak v. Mel Bernie & Co., Inc.*, No. CV098124SVWFMOX, 2010 WL 11596663, at *9 (C.D. Cal. July 20, 2010)......................................................................................................... 18, 22

*Grace & Co. v. City of Los Angeles*, 278 F.2d 771 (9th Cir. 1960)............................................. 11

*Grove v. Builders Tr. of New Mexico*, No. CV 13-00001 JCH/KBM, 2015 WL 13665431, at *2 (D.N.M. Mar. 2, 2015) ............................................................................................................ 18

*Guz v. Betchel Nat'l, Inc.,* 24 Cal.4th 317 (2000)............................................................. 12, 13, 16

*Hall v. Bellmon*, 935 F.2d 1106 (10th Cir. 1991) ....................................................................... 18

*Hansen v. PT Bank Negara Indonesia* (*Persero*), 706 F.3d 1244 (10th Cir. 2013) .................... 18

*Harris v. City of Santa Monica*, 56 Cal. 4th 203 (2013)........................................................ 16, 17

*Harris v. Forklift Sys., Inc.*, 510 U.S. 17 (1993)......................................................................... 16

*Hersant v. Dep't of Soc. Servs.*, 57 Cal. App. 4th 997 (1997)..................................................... 13

*Hoch v. Allied-Signal, Inc.*, 24 Cal. App. 4th 48 (1994)............................................................. 26

*Hunt-Wesson Foods, Inc. v. Ragu Foods, Inc.*, 627 F.2d 919 (9th Cir. 1980) ............................ 18

*Joaquin v. City of Los Angeles*, 202 Cal. App. 4th 1207 (2012) ................................................. 13

*Joseph v. Target Corp.*, No. 2:12-CV-01962-KJM, 2015 WL 351444, at *14 (E.D. Cal. Jan. 23, 2015) ....................................................................................................................................... 13

*Joseph v. Target Corp.*, No. 2:12-CV-01962-KJM, 2015 WL 351444, at *15 (E.D. Cal. Jan. 23, 2015) ....................................................................................................................................... 20

*Kovatch v. California Cas. Mgmt. Co.*, 65 Cal. App. 4th 1256 (1998), *disapproved of on other grounds by Aguilar v. Atl. Richfield Co.*, 25 Cal. 4th 826 (2001)........................................... 24

*Lam v. Univ. of Hawai'i*, 40 F.3d 1551 (9th Cir. 1994), *as amended* (Nov. 21, 1994), *as amended* (Dec. 14, 1994) ....................................................................................................................... 13

*Leibert v. Transworld Sys., Inc.*, 32 Cal. App. 4th 1693 (1995).................................................. 25

*Little v. United Techs., Carrier Transicold Div.*, 103 F.3d 956 (11th Cir. 1997)......................... 21

*McClendon v. City of Stockton*, No. CIV.S-03-0482 WBS GG, 2004 WL 2095706, at *1 (E.D. Cal. July 28, 2004), *aff'd sub nom. McClendon v. City of Stockton, California*, 185 F. App'x 699 (9th Cir. 2006)................................................................................................... 19

*McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973) ............................................. 12

*McInteer v. Ashley Distribution Servs., Ltd.*, 40 F. Supp. 3d 1269 (C.D. Cal. 2014)................. 18

*Mendlovitz v. Raytheon Co.*, No. 2:17-CV-07295-SVW-SS, 2018 WL 6051539, at *8 (C.D. Cal. May 9, 2018)................................................................................................ 13, 22

*Miller v. Int'l Bus. Machines Corp.,* No. C02-02118 MJJ, 2007 WL 1148996, at *2 (N.D. Cal. Apr. 18, 2007) ............................................................................................... 11

*Mock v. Michigan Millers Mut. Ins. Co.*, 4 Cal. App. 4th 306 (1992)......................................... 26

*Murillo v. Rite Stuff Foods, Inc.*, 65 Cal. App. 4th 833 (1998) ................................................ 24

*Murray v. Oceanside Unified Sch. Dist.*, 79 Cal. App. 4th 1338 (2000)..................................... 25

*Nigro v. Sears, Roebuck & Co.*, 784 F.3d 495 (9th Cir. 2015)................................................ 22, 27

*Nunez v. Duncan*, 591 F.3d 1217 (9th Cir.2010) ...................................................... 12

*Oaster v. Robertson*, No. 15-CV-00871-KLM, 2016 WL 126291, at *1 (D. Colo. Jan. 11, 2016) ....................................................................................................... 18

*Okoli v. Lockheed Tech. Operations Co.*, 36 Cal. App. 4th 1607 (1995)..................................... 23

*Ormiston v. Teddington*, No. 2:10-CV-00830-GEB, 2012 WL 260082, at *2 (E.D. Cal. Jan. 26, 2012) ........................................................................................................ 12

*Orr v. Bank of Am., NT & SA*, 285 F.3d 764 (9th Cir. 2002)...................................................... 19

*Pac. Gas & Elec. Co. v. Superior Court*, 24 Cal. App. 5th 1150 (2018), *as modified on denial of reh'g* (July 26, 2018), *review denied* (Oct. 17, 2018) ............................................... 26

*Palucki v. Sears Roebuck & Co.*, 879 F.2d 1568 (7th Cir. 1989) .......................................... 18, 22

*Pasco v. Red Robin Gourmet Burgers, Inc.*, No. 1:11-CV-01402-AWI, 2011 WL 5828153, at *9 (E.D. Cal. Nov. 18, 2011), *report and recommendation adopted*, No. 1:11-CV-1402-AWI-SKO, 2011 WL 6153173 (E.D. Cal. Dec. 12, 2011) ........................................................... 23

4

1  *Passantino v. Johnson & Johnson Consumer Prod., Inc.*, 212 F.3d 493 (9th Cir. 2000)............ 20

2  *Patterson v. Morgan Stanley Smith Barney*, No. CV F 10-2084 LJO BAM, 2012 WL 639483, at

3  *18 (E.D. Cal. Feb. 24, 2012)........................................................................................ 26

4  *Praetorian Ins. Co. v. W. Milling, LLC*, No. 115CV00557DADEPG, 2017 WL 4284717, at *9

5  (E.D. Cal. Sept. 27, 2017)............................................................................................... 26

6  *Price Waterhouse v. Hopkins*, 490 U.S. 228 (1989).................................................... 16

7  *Reeves v. Sanderson Plumbing Prod., Inc.*, 530 U.S. 133 (2000) ................................ 21

8  *Rojo v. Kliger*, 52 Cal. 3d 65 (1990)........................................................................... 24

9  *Sch. Dist. No. 1J, Multnomah Cty., Or. v. ACandS, Inc.*, 5 F.3d 1255 (9th Cir. 1993) ............... 19

10 *Serri v. Santa Clara Univ.*, 226 Cal. App. 4th 830 (2014) ........................................ 15

11 *Simms v. DNC Parks & Resorts at Tenaya, Inc.*, No. 1:13-CV-2075 SMS, 2015 WL 3912150, at

12 *12 (E.D. Cal. June 25, 2015)........................................................................................ 12

13 *Sinclair v. Servicemaster Co.*, No. CIV 07-0611 FCD/DAD, 2007 WL 2254448, at *9 (E.D. Cal.

14 Aug. 3, 2007) ............................................................................................................... 24

15 *State v. Brown*, 836 S.W.2d 530 (Tenn. 1992) .......................................................... 19

16 *Trans World Airlines, Inc. v. Airline Pilots Assn, Int.*, 464 U.S. 111 (1985) ............................ 14

17 *Trent v. Valley Elec. Ass'n Inc.*, 41 F.3d 524 (9th Cir. 1994)....................................... 21

18 *Trent v. Valley Elec. Ass'n Inc.*, 41 F.3d 524 (9th Cir. 1994) ...................................... 13

19 *Villiarimo v. Aloha Island Air, Inc.*, 281 F.3d 1054 (9th Cir. 2002) .................................... 22, 27

20 *Zapata v. Neil Jones Food Co.*, No. 1:14-CV-02027-EPG, 2016 WL 4764674, at *11 (E.D. Cal.

21 Sept. 13, 2016)............................................................................................................. 13

22 **Statutes**

23 Cal. Civ. Code § 3294.................................................................................................... 26

24 Cal. Civ. Code § 3294(c) .............................................................................................. 27

25 Cal. Gov. Code § 12940(a) ........................................................................................... 12

26 Cal. Gov. Code § 12940(h) ........................................................................................... 12

27 Cal. Gov. Code § 12940(j)............................................................................................. 23

28

PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT, OR IN THE ALTERNATIVE,
SUMMARY ADJUDICATION

Cal. Gov. Code §§ 12926 ......................................................................................... 12

Fed. R. Civ. P. 56(c)(2) .......................................................................................... 11

Fed. R. Civ. P. 56(c)(4) .......................................................................................... 11

Gov. Code, § 12965(c)(3) ....................................................................................... 25

Labor Code § 132a .................................................................................................. 25

**Other Authorities**

California Civil Jury Instructions ("CACI") 2507 .................................................. 12

California Civil Jury Instructions ("CACI") 2500 .................................................. 12

California Civil Jury Instructions ("CACI") 2521A ............................................... 16

California Civil Jury Instructions ("CACI") 2540 .................................................. 14

PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT, OR IN THE ALTERNATIVE, SUMMARY ADJUDICATION

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.    INTRODUCTION AND SUMMARY

In June 2017, Plaintiff Erin Johnson ("Plaintiff") worked for Defendant WinCo Holdings, Inc. ("Defendant") as a Lead Clerk at its retail location in Bakersfield, California. On June 2, 2017, Defendant granted Plaintiff's request to work at the Customer Service desk as a reasonable accommodation following surgery; however, Plaintiff advised management that she was still required to perform tasks that had been restricted by her physician. On June 22, 2017, Plaintiff witnessed at least three people, one of whom she reasonably believed was a minor, steal bottles of liquor and run past her workstation. Having received instruction on Defendant's "Shoplifter Apprehension Policy," Plaintiff ran after the suspects to the Loss Prevention office near the store's front exit, yelling for someone to stop them. Plaintiff stopped at the office door and turned to see another suspect approaching her. Plaintiff panicked and engaged with the suspect, who hit Plaintiff on the forehead with a bottle and then attempted to flee. The suspect was physically restrained by other store personnel, and the police and paramedics were called.

Plaintiff returned to work on June 27, 2017 with additional instructions and restrictions from her physician. However, Defendant still failed to accommodate the restrictions consistently, despite Plaintiff's bringing the problem to Defendant's attention. On July 7, 2017, weeks after the shoplifting incident, Plaintiff's store manager identified her as an employee with potential for promotion to management.  On July 14, 2017, Defendant terminated Plaintiff's employment on the grounds that Plaintiff's attempt to stop the theft was a "bright-line violation" of Defendant's personnel policies. (*See, e.g.,* Villeda Decl. [ECF No. 22-5] ¶ 7.) Plaintiff's subsequent request for a grievance hearing to dispute the termination was declined. Moreover, on May 29, 2018, Defendant was provided notice of the complaint Plaintiff filed with the DFEH. Accordingly, Plaintiff timely initiated the instant action alleging that Defendant's termination of her employment was retaliatory.

A triable issue of fact exists whether Defendant's stated reason for terminating Plaintiff was pretextual, and Defendant's motion for summary judgment should be denied in its entirety.

PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT, OR IN THE ALTERNATIVE, SUMMARY ADJUDICATION

## II.   STATEMENT OF RELEVANT FACTS

### A.   Defendant's Shoplifter Apprehension and Robbery Policy

According to Defendant's shoplifter apprehension policy, certain managerial and/or supervisory employees who have received training, including Lead Clerks, may confront shoplifters. (Plaintiff's Statement of Disputed Facts ("SDF") No. 1.) Defendant does not define "training." (SDF No. 2.) Defendant's policy provides further that "if a suspected shoplifter attempts to resist or flee, the use of reasonable force may be used at your discretion, as a last resort, to control the suspected shoplifter and to protect yourself, another employee or customer." (SDF No. 3.) In addition, Defendant permits the pursuit of a suspected shoplifter by authorized personnel to the end of the building. (SDF No. 4.) Failure to follow Defendant's Shoplifter Apprehension and Robbery Policy "may result in disciplinary action up to and including termination." (SDF No. 5.) Defendant also requires employees to sign a Clerk's Affidavit provided by the California Department of Alcoholic Beverage Control ("ABC") stating, in pertinent part, "You may not *cause to be sold, furnished or given away*, any alcoholic beverage to any person under the age of 21 years. If you break this law, you may be arrested and charged with a crime." (emphasis in original). (SDF No. 6.)

Defendant concedes that it instructed Plaintiff on its Shoplifter Apprehension Policy during her orientation. (SDF No. 7.)

### B.   Summary of Plaintiff's Disputed Material Facts.

In June 2017, Plaintiff was employed by Defendant as a Lead Clerk. (SDF No. 8.) On or around June 2, 2017, Defendant granted Plaintiff's request to work at the Customer Service desk as a reasonable accommodation for a temporary physical disability. (SDF No. 9.) Defendant was provided a June 1, 2017 authorization to return to work from the Brain & Spine Center in Bakersfield, California, with restrictions through August 1, 2017 that included "Limited gripping and grasping. Limited standing or walking to 4 hours per day. Limited lift, Limited Pull and Limited Push up to 10 lbs. Must take a stretch break for 10 minutes after every 50 minutes." (SDF Nos. 10, 11.) Plaintiff testified, however, that she did not have a stool at Customer Service or an

PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT, OR IN THE ALTERNATIVE, SUMMARY ADJUDICATION

1   opportunity to sit during her shift. (SDF No. 12.)

2       On June 22, 2017, Plaintiff witnessed three people steal liquor bottles then run past her at

3   Customer Service toward the front exit. (SDF No. 13.) Plaintiff ran after the suspects toward the

4   Loss Prevention office near the front exit, yelling for someone to stop them. (SDF No. 14.) Plaintiff

5   stopped at the office door and turned to find another suspect approaching her. (SDF No. 15.)

6   Plaintiff raised her arms to defend herself, and the suspect struck her in the forehead with a bottle.

7   (SDF No. 16.) The suspect was physically restrained by the Loss Prevention Officer, among others,

8   and the police and paramedics were called. (SDF No. 17.) Plaintiff's injuries were treated at the

9   hospital, (SDF No. 18), where Ms. Van Leeuwen interviewed Plaintiff about the incident despite

10  Plaintiff's having been medicated. (SDF No. 19.)

11      The incident report submitted by the store's Assistant Manager on June 22, 2017 stated

12  that Plaintiff attempted to stop "a female shoplifter attempting to steal 3 bottles of alcohol.

13  [Plaintiff] and the shoplifter engaged by the exit door and the shoplifter hit her on the head with

14  the bottle." (SDF No. 20.) The recommended corrective action was "retraining on proper shoplifter

15  apprehension procedures," which could be completed by July 1, 2017. (SDF No. 21.) Plaintiff

16  recalls that she turned and simply panicked when she saw another suspect coming towards her.

17  (SDF No. 22.)

18      Plaintiff was originally authorized to return to work on June 24, 2017, but her return was

19  delayed until June 27, 2017, because her recovery was slower than expected.  (SDF Nos. 23, 24.)

20  Defendant was provided a list of restrictions from Plaintiff's physician, dated June 23, 2017, which

21  included "frequent change of position as tolerated. "Limited gripping and grasping. Limited

22  standing or walking to 4 hours per day. Limited Lift, Limited Pull and Limited Push up to 10 lbs.

23  Must take a stretch break for 10 minutes after every 50 minutes." (SDF No. 23; Joint Statement of

24  Undisputed Facts ("JSF") No. 7.) Defendant was provided a further health status report by

25  Plaintiff's physician dated June 27, 2017, which added "may sit as needed" to the list of

26  restrictions. (SDF No. 24; JSF No. 9.) Plaintiff's maximum recovery from the injuries she

27  sustained was anticipated by August 31, 2017. (SDF No. 25.)  Nevertheless, Plaintiff was required

28

PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT, OR IN THE ALTERNATIVE,
SUMMARY ADJUDICATION

1    to bend, pull, and lift heavy trays to stock bread. (SDF No. 26.) In addition, Defendant failed to

2    provide relief to ensure that Plaintiff did not stand more than four (4) hours per day. (SDF No. 27.)

3        On July 6, 2017, Amanda Garrett, the store's Loss Prevention Supervisor, provided Gisel

4    Villeda, Defendant's Director of Human Resources, written statements Defendant had collected

5    regarding the June 22, 2017 shoplifting incident. (SDF No. 28.) Subsequently, on July 7, 2017,

6    Ms. Van Leeuwen sent Defendant an email identifying Plaintiff as an employee with potential for

7    management. Ms. Villeda was copied on the email. (SDF No. 29.) Defendant was provided

8    Plaintiff's July 12, 2017 status report, which stated that she was "not significantly improved" and

9    authorized Plaintiff to return to work "with restrictions" and "as tolerated." (SDF No. 30.) On July

10   13, 2017, after interviewing Plaintiff with Ms. Van Leeuwen and Ms. Garrett, Ms. Villeda

11   confirmed that Plaintiff "felt she needed to protect herself" but nevertheless recommended that

12   Ms. Van Leeuwen terminate Plaintiff's employment because she "used physical force to stop a

13   shoplifter inside the store." Her "recommended verbiage" was that Plaintiff "used physical force

14   to stop a shoplifter inside the store (see investigation notes for further details)." (SDF No. 31.)

15       On July 14, 2017, Ms. Van Leeuwen adopted Ms. Villeda's recommendation and

16   terminated Plaintiff's employment on the grounds that Plaintiff "used physical force to stop a

17   shoplifter inside the store (see investigation notes for further details)." (SDF No. 33.) Plaintiff had

18   used physical force to stop shoplifting on prior occasions, including by grabbing a hand basket of

19   items from a suspected shoplifter on two separate occasions. On a third occasion, Plaintiff

20   witnessed another employee "grab" a suspected shoplifter "in the headlock," while she held the

21   suspect "by the front of the shirt."  (SDF No. 33.) Plaintiff thus believed that her termination was

22   retaliatory based on her medical condition and subsequently submitted a request for a grievance

23   hearing, which Defendant declined. (SDF Nos. 34, 35.) On May 8, 2018, Plaintiff filed a complaint

24   with the Department of Fair Employment and Housing ("DFEH") alleging unlawful

25   discrimination.  (SDF No. 36.)

26       **C.    Defendant's Evidence In Support of Summary Judgment**

27   In support of its Motion for Summary Judgment, Defendant includes the Declarations of

28
                                               10
─────────────────────────────────────────────
PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT, OR IN THE ALTERNATIVE,
                          SUMMARY ADJUDICATION

Van Leeuwen, Gisel Villeda, and Tiffany Tran Madison. Portions of each declaration fail to comply with the Federal Rules of Evidence and should not be considered in support of the instant motion. Fed. R. Civ. P. 56(c)(2). Certain of the assertions are summarized below. (*See also* Plaintiff's Evidentiary Objections to the Declarations In Support of Defendant's Motion.)

### 1.   *Van Leeuwen Declaration*

Ms. Van Leeuwen declares that her investigation of the incident resulted in Plaintiff's immediate discharge on the grounds that Plaintiff used physical force to apprehend a shoplifter in violation of company policy. (Van Leeuwen Decl. ¶ 12.) Ms. Van Leeuwen contends specifically that Plaintiff "put the shoplifter in a chokehold." (*Id*. ¶ 5.) Ms. Van Leeuwen bases this conclusion in part on the statement of a witness who asserted that Plaintiff "ran up behind a female shoplifter and put her arm around the woman's neck 'almost like a choke hold.'" (*Id*. ¶ 7.) Ms. Van Leeuwen declares further that "video evidence" confirms Plaintiff used a "chokehold" on the suspect. (*Id*. ¶¶ 8, 12.) However, Ms. Van Leeuwen is not an expert, and Defendant has not proffered, let alone authenticated, a video recording of the June 22, 2017 incident. Indeed, neither Ms. Van Leeuwen nor Defendant has offered any evidence to show that Plaintiff was not simply defending herself from the attack that injured her.

To the extent they refer to evidence that Defendant has neither attached nor authenticated, Ms. Van Leeuwen's statements should be stricken. Fed. R. Civ. P. 56(c)(4).

### 2.   *Villeda Declaration*

Ms. Villeda similarly relies on "video surveillance" to support her conclusory assertion that Plaintiff "put the shoplifter in a chokehold." (Villeda Decl. ¶¶ 5, 9.) Ms. Villeda is also not an expert, and, again, Defendant has not proffered, let alone authenticated, a video recording of the June 22, 2017 incident.

To the extent they refer to evidence that Defendant has neither attached nor authenticated, Ms. Villeda's statements should be stricken. Fed. R. Civ. P. 56(c)(4).

### 3. *Madison Declaration*

The Madison Declaration attaches as an exhibit Defendant's Responses to Plaintiff's Interrogatories, Set One. (Madison Decl. ¶ 4, Ex. B.) However, a party's own interrogatory answers are inadmissible hearsay unless used against that party, and the exhibit should be stricken as a matter of law. Fed. R. Evid. 801(d)(2); *see also Miller v. Int'l Bus. Machines Corp.,* No. C02-02118 MJJ, 2007 WL 1148996, at *2 (N.D. Cal. Apr. 18, 2007) (citing *Duff v. Lobdell-Emery Mfg. Co.*, 926 F.Supp. 799, 803 (N.D.Ind.1996); *Grace & Co. v. City of Los Angeles*, 278 F.2d 771, 776 (9th Cir. 1960) (citation omitted).

## III.   LEGAL STANDARD

On a motion for summary judgment, the court may only determine that no reasonable jury would find in favor of the plaintiff based on the entire record presented. "Evidence must be viewed 'in the light most favorable to the non-moving party,' and 'all reasonable inferences' that can be drawn from the evidence must be drawn 'in favor of [the non-moving] party.'" *Ormiston v. Teddington*, No. 2:10-CV-00830-GEB, 2012 WL 260082, at *2 (E.D. Cal. Jan. 26, 2012) (quoting *Nunez v. Duncan*, 591 F.3d 1217, 1222–23 (9th Cir.2010)).

An employer who regularly employs five or more persons is prohibited from discriminating against an employee because of physical or mental disability, including by taking an adverse employment action against the employee. *See, e.g.*, Cal. Gov. Code §§ 12926(d) and (m), 12940(a). An employer is similarly prohibited from discharging or otherwise discriminating against any person because the person has "opposed any practices forbidden under this part or because the person has filed a complaint, testified, or assisted in any proceeding under this part." Cal. Gov. Code § 12940(h); *see also Simms v. DNC Parks & Resorts at Tenaya, Inc.*, No. 1:13-CV-2075 SMS, 2015 WL 3912150, at *12 (E.D. Cal. June 25, 2015). Where the plaintiff employee alleges disparate treatment under Gov. Code § 12940(a), she must show that 1) she has a protected status, such as race, gender, or age, 2) an adverse employment action was taken by her covered employer, and 3) the plaintiff's protected status was a motivating reason for the employer's action. *See, e.g.*, California Civil Jury Instructions ("CACI") 2500. The plaintiff employee must also show that the

1    employer's action was a substantial factor in causing her harm. *Id*. A reason is "substantially

2    motivating" if it "actually contributed" to the adverse employment action, but it does not have to

3    be the only motivating reason. CACI 2507.

4         When a plaintiff lacks direct evidence of discrimination, including disability

5    discrimination, based on a theory of disparate treatment, California has adopted the three stage

6    burden-shifting test established by the United States Supreme Court in *McDonnell Douglas Corp.*

7    *v. Green*, 411 U.S. 792 (1973).  *See, e.g.*, *Guz v. Betchel Nat'l, Inc.*, 24 Cal.4th 317, 354 (2000).

8    Under *McDonnell Douglas*, if the plaintiff establishes a prima facie case of discrimination, a

9    presumption of discrimination arises, and the burden of production shifts to the defendant

10   employer to show a legitimate, nondiscriminatory reason for the employment action. *Id*. at 355-

11   356 (citations omitted). If the employer then presents sufficient evidence to show a legitimate

12   reason, the plaintiff must prove that the employer's proffered reason was pretextual. *Id*. at 356.

13   Where a prima facie case is established, a presumption of discrimination arises, and the burden

14   shifts to the defendant to show that the alleged adverse action was taken for a legitimate non-

15   discriminatory reason. *Id*. at 355-356 (citations omitted).

16        To prove pretext, the plaintiff "must demonstrate such weaknesses, implausibilities,

17   inconsistencies, incoherencies or contradictions in the employer's proffered legitimate reasons for

18   its action that a reasonable fact finder could rationally find them 'unworthy of credence,' and hence

19   infer 'that the employer did not act for ... [the asserted] non-discriminatory reason.'" *Mendlovitz*

20   *v. Raytheon Co*., No. 2:17-CV-07295-SVW-SS, 2018 WL 6051539, at *8 (C.D. Cal. May 9, 2018)

21   (quoting *Hersant v. Dep't of Soc. Servs*., 57 Cal. App. 4th 997, 1005 (1997)). However, the Ninth

22   Circuit "has set a high standard for the granting of summary judgment in employment

23   discrimination cases [citation] …[and requires] very little evidence to survive summary

24   judgment…because the ultimate question is one that can only be resolved through a 'searching

25   inquiry'−one that is most appropriately conducted by the factfinder, upon a full record." *Zapata v.*

26   *Neil Jones Food Co*., No. 1:14-CV-02027-EPG, 2016 WL 4764674, at *11 (E.D. Cal. Sept. 13,

27   2016) (quoting *Lam v. Univ. of Hawai'i*, 40 F.3d 1551, 1564 (9th Cir. 1994), *as amended* (Nov.

28

                                                        13

21, 1994), *as amended* (Dec. 14, 1994)).

"As with the disability discrimination cause of action, analysis of the retaliation cause of action proceeds under the McDonnell Douglas burden-shifting framework." *Joseph v. Target Corp.*, No. 2:12-CV-01962-KJM, 2015 WL 351444, at *14 (E.D. Cal. Jan. 23, 2015) (citing *Joaquin v. City of Los Angeles*, 202 Cal. App. 4th 1207, 1219-1222 (2012)).  In addition, to prevail on a claim for either retaliation or wrongful termination in violation of public policy, the plaintiff must establish a prima facie case by showing 1) she engaged in a protected activity, 2) the employer subjected her to an adverse employment action, and 3) a causal link between the protected activity and the adverse action. *See, e.g., Guz*, 24 Cal. 4th at 354-356 (discussing the *McDonnell Douglas* test for employment discrimination) (citations omitted); *see also Trent v. Valley Elec. Ass'n Inc.*, 41 F.3d 524, 526 (9th Cir. 1994) (same) (citing *E.E.O.C. v. Hacienda Hotel*, 881 F.2d 1504, 1513-14 (9th Cir.1989)).

Here, Plaintiff's direct evidence establishes a prima facie case of employment discrimination by showing an adverse employment action taken against her by Defendant for which a substantial motivating factor was Plaintiff's physical and mental disability. See Trans World Airlines, Inc. v. Airline  Pilots Assn, Int., 464 U.S. 111, 123 (1985). Plaintiff's evidence thus also satisfies McDonnell Douglas.

**A.**     **Plaintiff Has Established A Prima Facie Case For Her Claims.**

**1.**     ***Disability Discrimination***

To show disability discrimination, whether physical or mental, the plaintiff employee must show that 1) her covered employer knew of the disability, 2) the employer knew that the plaintiff was able to perform the essential functions of her job with reasonable accommodation, 3) the employer took an adverse employment action against the plaintiff, and 4) the plaintiff's disability was a substantial motivating reason for the adverse action. CACI 2540. The plaintiff must also show that the adverse action was a substantial factor in cause her harm but does not need to show animus towards her personally. *Id*.

Here, Defendant, a covered employer, was aware of that Plaintiff had a temporary disability

on June 2, 2017. (SDF No. 9.) Plaintiff's disability was exacerbated by the shoplifting incident on June 22, 2017. (SDF Nos. 23-25.) Defendant does not dispute that Plaintiff was able to perform the essential functions of her job. Nevertheless, while Plaintiff's request to work at the Customer Service desk had been granted, Defendant failed to ensure compliance with the recommended restrictions, which failure Plaintiff brought to Defendant's attention. (SDF Nos. 9, 12, 26, 27.) Defendant's conclusory assertion that Plaintiff's June 27, 2017 health status report included restrictions "superseding the June 23, 2017 restrictions" misstates the evidence. (Motion at 4:3-6.) The June 27, 2017 report authorized Plaintiff to return to work "with restrictions" on June 27, 2017 and added the restriction "may sit as needed." (SDF Nos. 23, 24.) Defendant states that it provided Plaintiff access to a stool at Customer Service, (Motion at 4:6-8), but fails to show that Defendant provided Plaintiff with the opportunity to sit, either by giving her a stool or providing coverage for breaks. (SDF Nos. 12, 27.) Defendant's contention that Plaintiff's July 12, 2017 health status report stated that Plaintiff "'may work as tolerated' with no further restrictions" similarly misstates the evidence. (Motion at 4:10-11.) Like the previous status report, the July 12, 2017 report found no significant improvement and authorized Plaintiff to return to work "with restrictions," adding that she "may work as tolerated." (SDF No. 30.)

Defendant makes the further conclusory assertion that "Plaintiff attempted to apprehend the shoplifter by wrapping her arm around the back of the shoplifter's neck," (Motion at 3:15-17), but Defendant has failed to show that Plaintiff engaged physically with the shoplifter for any reason other than to defend herself.[1] (SDF Nos. 16, 30.) Indeed, Defendant's Shoplifter Apprehension and Robbery Policy expressly permits the use of physical force to apprehend shoplifters inside the store, (SDF No. 3), and the record shows clearly that Defendant does not consider the use of physical force to apprehend a shoplifter a "bright-line violation" of the personnel policy. (SDF Nos. 3-5.) Moreover, Defendant concedes that Plaintiff participated in the

---

[1] Defendant has failed to proffer admissible evidence to support its contention that "Plaintiff pursued the shoplifter and put a chokehold around the shoplifter's neck," (Motion at 4:28-5:1), which assertions Plaintiff has requested be stricken. (*See* Plaintiff's Evidentiary Objections.)

PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT, OR IN THE ALTERNATIVE, SUMMARY ADJUDICATION

apprehension of shoplifters using physical force on prior occasions, for which Defendant obviously failed to terminate Plaintiff's employment. (SDF No. 32.) Instead, the record shows that Plaintiff was a valued employee who had received instruction in the Shoplifter Apprehension Policy and been promoted to Lead Clerk. (SDF Nos. 7, 8, 29.) Accordingly, the store's Assistant Manager recommended nothing more than "retraining" on Defendant's procedures after the June 22, 2017 incident. (SDF Nos. 1, 21); to the extent it contends that Plaintiff was not authorized to apprehend shoplifters, Defendant has failed to show what additional "training" was required. (SDF No. 2.)

### 2.   *Harassment*

Pursuant to Gov. Code § 12940(j), "harassment' in the workplace can take the form of 'discriminatory intimidation, ridicule and insult' that is ' " 'sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment.'" *Serri v. Santa Clara Univ*., 226 Cal. App. 4th 830, 869 (2014); s*ee also Harris v. Forklift Sys., Inc*., 510 U.S. 17, 22 (1993) ("A discriminatorily abusive work environment, even one that does not seriously affect employees' psychological well-being, can and often will detract from employees' job performance, discourage employees from remaining on the job, or keep them from advancing in their careers."). To show harassment because of a disability, whether physical or mental, the plaintiff employee must show that 1) she was subjected to unwanted harassing conduct because of her protected status, 2) the harassing conduct was severe or pervasive, 3) that a reasonable person in the plaintiff's position would consider the conduct to be hostile or abusive, and 4) the plaintiff's supervisors knew or should have known of the conduct and failed to take immediate and appropriate corrective action. CACI 2521A. The plaintiff must also show that the conduct was a substantial factor in cause her harm. *Id*.

As discussed above, while Plaintiff's request to work at the Customer Service desk had been granted, Defendant failed to ensure compliance with the recommended restrictions, which failure Plaintiff brought to Defendant's attention. (SDF Nos. 9, 12, 26, 27.) A reasonable person in Plaintiff's situation would have considered being required to perform tasks away from her assigned workstation that required bending, pulling, and lifting, despite her physician's

PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT, OR IN THE ALTERNATIVE, SUMMARY ADJUDICATION

restrictions, would consider the conduct to be hostile or abusive.

### 3. *Retaliation*

As noted above, to support a claim of retaliation, the plaintiff must show 1) she engaged in a protected activity, 2) the employer subjected her to an adverse employment action, and 3) a causal link between the protected activity and the adverse action. *See, e.g., Guz, supra*, 24 Cal. 4th at 354-356. The plaintiff must also show that her protected status was a substantial motivating factor for the retaliatory action. *See, e.g., Harris v. City of Santa Monica*, 56 Cal. 4th 203, 232 (2013) (citing *Price Waterhouse v. Hopkins*, 490 U.S. 228, 78 (1989)).

As discussed with respect to discrimination because of Plaintiff's disability, Defendant, a covered employer, was aware of that Plaintiff had a temporary disability on June 2, 2017. (SDF No. 9.) Plaintiff's disability was exacerbated by the shoplifting incident on June 22, 2017. (SDF Nos. 23-25.) Nevertheless, while Plaintiff's request to work at the Customer Service desk had been granted, Defendant failed to ensure compliance with the recommended restrictions, which failure Plaintiff brought to Defendant's attention. (SDF Nos. 9, 12, 26, 27.) Significantly, despite Plaintiff's being identified for possible promotion on July 7, 2017, (SDF No. 29), and the day after Defendant had been provided Plaintiff's July 12, 2017 report finding no significant improvement," (SDF No. 30), Plaintiff's employment was terminated.

The record to date gives rise to the reasonable inference that Plaintiff's termination was retaliatory.

### 4. *Wrongful Termination in Violation of Public Policy*

To establish a prima facie case of wrongful termination based on discrimination, the plaintiff must show "that it is more likely than not that the employer's actions were based on a prohibited discriminatory criterion." *Simms*, 2015 WL 3912150, at *5 (citing *Harris*, 56 Cal. 4th at 214). Accordingly, the plaintiff must show "a causal connection between his termination and the filing of a complaint, or any other activity protected by section 12940(h)." *Id*. at *12; *see also Harris*, 56 Cal. 4th at 215 (The plaintiff must show "a causal link between the employer's consideration of a protected characteristic and the action taken by the employer.")).

PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT, OR IN THE ALTERNATIVE, SUMMARY ADJUDICATION

As stated above, Defendant, a covered employer, was aware of that Plaintiff had a temporary disability on June 2, 2017. (SDF No. 9.) Plaintiff's disability was exacerbated by the shoplifting incident on June 22, 2017. (SDF Nos. 23-25.) Nevertheless, while Plaintiff's request to work at the Customer Service desk had been granted, Defendant failed to ensure compliance with the recommended restrictions, which failure Plaintiff brought to Defendant's attention. (SDF Nos. 9, 12, 26, 27.) Significantly, despite Plaintiff's being identified for possible promotion on July 7, 2017, (SDF No. 29), and the day after Defendant had been provided Plaintiff's July 12, 2017 report finding no significant improvement," (SDF No. 30), Plaintiff's employment was terminated.

Given that Plaintiff communicated her concerns regarding Defendant's failure to provide reasonable accommodations, to no avail, the evidence gives rise to an inference that Defendant's stated reason for Plaintiff's termination was pretextual.

### B. Defendant Fails To Show A Legitimate, Nondiscriminatory Reason For Plaintiff's Termination

Under certain circumstance, "violation of company policies is a legitimate, nondiscriminatory reason for terminating an employee." *McInteer v. Ashley Distribution Servs., Ltd.*, 40 F. Supp. 3d 1269, 1285 (C.D. Cal. 2014). However, the employer must show that the procedure by which the employment was terminated "was validly and fairly devised and administered to serve a legitimate business purpose." *Dokes v. Safeway, Inc*., No. 2:15-CV-01157-TLN-DB, 2018 WL 1518562, at *5 (E.D. Cal. Mar. 28, 2018) (quoting *Dep't of Fair Employment & Hous. v. Lucent Techs., Inc*., 642 F.3d 728, 745 (9th Cir. 2011)); *see also Gonzalez v. USA Waste of California, Inc*., No. CV 15-02073-AB (JCX), 2016 WL 5952823, at *6 (C.D. Cal. Feb. 9, 2016) (The defendant's burden "is one of production, not persuasion.") (quoting *McInteer*, 40 F. Supp. 3 at 1284). In addition, "[a]lthough affidavits are entirely proper on summary judgment, the content or substance of the evidence contained therein must be admissible." *Oaster v. Robertson*, No. 15-CV-00871-KLM, 2016 WL 126291, at *1 (D. Colo. Jan. 11, 2016) (quoting *Hansen v. PT Bank Negara Indonesia* (*Persero*), 706 F.3d 1244, 1249 (10th Cir. 2013)); *see also*

18

1   *Hall v. Bellmon*, 935 F.2d 1106, 1111 (10th Cir. 1991) ("The evidence identified must be

2   admissible.") (quoting *Grove v. Builders Tr. of New Mexico*, No. CV 13-00001 JCH/KBM, 2015

3   WL 13665431, at *2 (D.N.M. Mar. 2, 2015)); *Goulak v. Mel Bernie & Co., Inc.*, No.

4   CV098124SVWFMOX, 2010 WL 11596663, at *9 (C.D. Cal. July 20, 2010) ("Declarations

5   presented to the court must be sufficiently specific and cannot be based on conclusory statements

6   or general averments.") (citing *Palucki v. Sears Roebuck & Co.*, 879 F.2d 1568, 1572 (7th Cir.

7   1989)); *Hunt-Wesson Foods, Inc. v. Ragu Foods, Inc.*, 627 F.2d 919, 928 (9th Cir. 1980) (motion

8   to strike portions of declaration opposing summary judgment motion properly granted where those

9   portions "were speculative, conclusory, and unqualified opinion testimony"); *Engelhard Indus.,*

10  *Inc. v. Research Instrumental Corp.*, 324 F.2d 347, 351 (9th Cir. 1963) (finding "the court was

11  obliged to disregard [two opposing affidavits] for they contained only hearsay and legal

12  conclusions.") (citing *Gifford v. Travelers Protective Ass'n*, 153 F.2d 209, 211 (9th Cir. 1946)).

13          Here, Defendant has failed to show that it terminated Plaintiff's employment for a

14  legitimate, nondiscriminatory reason based on Plaintiff's "attempting to apprehend the shoplifter

15  and putting the shoplifter in a chokehold without the requisite training." (Motion at 5:11-13.)  As

16  discussed above, Defendant fails to show either that Plaintiff used physical force to detain the

17  shoplifter, rather than to defend herself, or that Plaintiff "put the shoplifter in a chokehold." (SDF

18  No. 22.) For example, in addition to Defendant's failure to proffer evidence that could be

19  admissible at trial, Defendant fails to explain how an arm around the back of a suspect's neck

20  constitutes a "chokehold," which must necessarily put pressure on the suspect's throat or

21  windpipe.[2] *See, e.g.*, *Sch. Dist. No. 1J, Multnomah Cty., Or. v. ACandS, Inc.*, 5 F.3d 1255, 1262

22  (9th Cir. 1993) ("[A]n affidavit of a witness is not exempt from Rule 56(e)'s attachment

23  requirement simply because the affidavit references documentary evidence and personal

24  knowledge as a source of information. If documentary evidence is cited as a source of a factual

25  contention, Rule 56(e) requires attachment."); *McClendon v. City of Stockton*, No. CIV.S-03-0482

26

27  ─────────────────────
    [2] The Cambridge Dictionary defines "chokehold" as "a way of holding someone with your arm

28  tightly around their neck so that they cannot breathe easily." Cambridge University Press, 2020.

1  WBS GG, 2004 WL 2095706, at *1 (E.D. Cal. July 28, 2004), *aff'd sub nom. McClendon v. City*

2  *of Stockton, California*, 185 F. App'x 699 (9th Cir. 2006) ("The Ninth Circuit has 'repeatedly held

3  that unauthenticated documents cannot be considered in a motion for summary judgment.'")

4  (quoting O*rr v. Bank of Am., NT & SA*, 285 F.3d 764, 773 (9th Cir. 2002)); *see also State v. Brown*,

5  836 S.W.2d 530, 550 (Tenn. 1992) (citation omitted) ("Generally, non-expert witnesses must

6  confine their testimony to a narration of the facts based on first-hand knowledge and avoid stating

7  mere personal opinions or their conclusions or opinions regarding the facts about which they have

8  testified."); *Cleveland v. Groceryworks.com, LLC*, 200 F. Supp. 3d 924, 949 (N.D. Cal. 2016)

9  (same).

10      Furthermore, Defendant's Shoplifter Apprehension Policy states that employees may use

11  physical force to protect themselves. (SDF No. 3.) Defendant contends that "Plaintiff cannot

12  dispute that the information and evidence upon which Van Leeuwen relied in making the

13  termination decision shows that Plaintiff admitted to knowingly pursuing and putting a shoplifter

14  in a chokehold even though she did not have the requisite shoplifter training. Van Leeuwen

15  understood this conduct to be a bright-line violation of WinCo policies." (Motion at 9:16-18.) As

16  discussed above, however, Defendant has failed to show that Plaintiff used a chokehold on the

17  shoplifter, and there is a triable issue of material fact whether Plaintiff was authorized to

18  apprehend. (SDF Nos. 1-3, 7, 8, 21.) Moreover, the record shows clearly that the use of physical

19  force is not a "bright-line violation" that requires termination, *supra*. (SDF Nos. 3-5.)

20      Defendant's contention that "Plaintiff's admitted use of physical force by putting the

21  shoplifter in a chokehold on June 22, 2017 was a bright-line violation of WinCo's Shoplifter

22  Policy…warranting immediate termination of employment" relies on a series of unsupported

23  assertions that contradict both Plaintiff's testimony and Defendant's own policies. (Motion at

24  12:25-28.) Defendant's combination of speculation and hearsay thus fails to show that Plaintiff's

25  termination was not substantially motivated by Plaintiff's disability. Moreover, the record shows

26  triable issues of material fact regarding whether Plaintiff actually violated Defendant's personnel

27  policies during the shoplifting incident at issue.

28

PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT, OR IN THE ALTERNATIVE, SUMMARY ADJUDICATION

### C.      Triable Issues Exist Whether Defendant's Reason Was Pretextual

Even if Defendant had shown that its motivating reason for Plaintiff's termination was legitimate and nondiscriminatory, Plaintiff has raised triable issues of fact whether the reason was pretextual.

Circumstantial evidence of pretext exists when an adverse employment action is taken shortly after the employee engages in a protected activity. *See, e.g., Passantino v. Johnson & Johnson Consumer Prod., Inc*., 212 F.3d 493, 507 (9th Cir. 2000) ("[W]hen adverse employment decisions are taken within a reasonable period of time after complaints of discrimination have been made, retaliatory intent may be inferred.); *Joseph v. Target Corp*., No. 2:12-CV-01962-KJM, 2015 WL 351444, at *15 (E.D. Cal. Jan. 23, 2015) ("The temporal proximity between plaintiff's complaints and termination is sufficient to defeat summary judgment.") (citation omitted). Furthermore, "the employee need only show that she had a 'reasonable belief' that the practice she opposed/complained off was unlawful." *Al-Raheem v. Care*, No. 1:10- CV-2064 AWI, 2012 WL 2116530, at *5 (E.D. Cal. June 11, 2012) (citing *Trent v. Valley Elec. Ass'n Inc.,* 41 F.3d 524, 526 (9th Cir. 1994)); *see also Little v. United Techs., Carrier Transicold Div*., 103 F.3d 956, 960 (11th Cir. 1997) ("[T]he allegations and record must also indicate that the belief, though perhaps mistaken, was objectively reasonable.")

Here, Store Manager Danielle Van Leeuwen identified Plaintiff as an employee with potential for management on July 7, 2017, a week *after* the June 22, 2017 shoplifting incident. (SDF No. 29; Motion at 11:11-13.) The subsequent decision to terminate Plaintiff's employment instead was made the day after Defendant received the July 12, 2017 health status report stating that Plaintiff's injuries had "not significantly improved." (SDF Nos. 30, 31.) The timing is at least suspicious. *See, e.g., Fulfer v. WinCo Holdings, Inc.,* No. 115CV00999TLNEPG, 2019 WL 5536326, at *15 (E.D. Cal. Oct. 25, 2019) ("Generally, where a matter of days is all that passes between an employer learning of an employee's protected status and an adverse employment action, courts find such temporal proximity to be indicative of the employer's discriminatory motive.). In addition, Plaintiff filed a complaint of discrimination with the DFEH, thus

PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT, OR IN THE ALTERNATIVE, SUMMARY ADJUDICATION

demonstrating her reasonable belief that Defendant's conduct was unlawful. (SDF No. 36. Moreover, and as discussed above, Defendant has stated consistently that Plaintiff's termination was based on her putting a shoplifter in a chokehold to detain her, which accusation the record does not support. *See, e.g.*, *Reeves v. Sanderson Plumbing Prod., Inc.*, 530 U.S. 133, 147 (2000) ("[I]t is *permissible* for the trier of fact to infer the ultimate fact of discrimination from the falsity of the employer's explanation.") (emphasis in the original).

Defendant's further contention that Plaintiff cannot show that other employees were treated differently for similar conduct is also without merit. (Motion at 11:21-22.) Plaintiff testified that she participated in previous attempts to apprehend shoplifters with other employees during which physical force was used, and none of her colleagues were terminated for "a bright-line violation." (SDF No. 33.) To the extent it contends that Ms. Van Leeuwen and Ms. Villeda had no knowledge of the other incidents, (Motion at 11:8-9), Defendant has failed to establish whether incident reports were submitted, as they were with respect to Plaintiff on June 22, 2017, and what information, if any, may be in the relevant personnel files. *See, e.g., Fulfer*, 2019 WL 5536326, at *19 (finding pretext where evidence showed that "Defendant tended to treat Plaintiff's early-concluding shifts more leniently prior to his knee problems in 2015."); *see also Nigro v. Sears, Roebuck & Co.*, 784 F.3d 495, 497 (9th Cir. 2015) ("The district court can disregard a self-serving declaration that states only conclusions and not facts that would be admissible evidence.") (citation omitted); *Villiarimo v. Aloha Island Air, Inc.*, 281 F.3d 1054, 1061 (9th Cir. 2002) ("[T]his court has refused to find a 'genuine issue' where the only evidence presented is 'uncorroborated and self-serving' testimony.") (citations omitted).

For the foregoing reasons, the "weaknesses, implausibilities, inconsistencies, incoherencies [and] contradictions" in Defendant's ostensibly "legitimate reason" for terminating Plaintiff's employment are such that a reasonable fact finder could rationally find it "unworthy of credence." *See Mendlovitz*, *supra*, 2018 WL 6051539, at *8. Because Defendant has failed to proffer evidence sufficient to show that the stated reason for Plaintiff's termination was legitimate and not pre-textual, Defendant's motion should be denied in its entirety.

### D.   Defendant Failed to Support Its Factual Positions

On a motion for summary judgment, the moving party must support its factual positions. Fed. R. Civ. P. 56(c)(1). *See, e.g.*, *Goulak*, 2010 WL 11596663, at *9 ("Declarations presented to the court must be sufficiently specific and cannot be based on conclusory statements or general averments.") (citing *Palucki*, 879 F.2d at 1572).

Here, Defendant has failed to proffer admissible evidence sufficient to prevail on summary judgment as a matter of law.

#### 1.   *Plaintiff Exhausted Administrative Remedies*

Defendant contends that Plaintiff's claim for disability harassment should be dismissed on the grounds that Plaintiff failed to exhaust her administrative remedies and "admits that no one at WinCo harassed her during her employment." (MSJ at 7:8-10.) However, "[s]imply referring to a doctrine or statute is insufficient to afford fair notice." *Gomez v. J. Jacobo Farm Labor Contractor, Inc.*, 188 F. Supp. 3d 986, 992 (E.D. Cal. 2016) (citations omitted). Plaintiff testified that she believed her termination was retaliatory based on her medical condition and submitted a request for a grievance hearing that was declined, *supra*. (SDF Nos. 34, 35.) Moreover, "harassment" for purposes of Plaintiff's claims is a legal conclusion, and a triable issue of material fact exists whether Defendant's conduct constitutes harassment. Cal. Gov. Code § 12940(j).

In addition, on May 8, 2018, Plaintiff filed a complaint with the DFEH alleging unlawful discrimination. (SDF No. 36.) To the extent Defendant contends that Plaintiff's failure to alleged harassment explicitly, Defendant's own Non-Discrimination and Anti-Harassment Policy prohibits retaliation "for reporting discrimination or harassment." (SDF No. 37.) Because Defendant's own policy fails to distinguish retaliation on the basis of discrimination or harassment, an investigation into the complaint for retaliation would likely encompass both. *See, e.g., Clark v. AmTrust N. Am.,* No. 16-CV-05561-MEJ, 2018 WL 839148, at *11 (N.D. Cal. Feb. 13, 2018), *aff'd*, 792 F. App'x 456 (9th Cir. 2019) (finding that the administrative remedies had not been exhausted for claims that were not "likely to be uncovered in the course of a DFEH investigation.") (relying on *Okoli v. Lockheed Tech. Operations Co*., 36 Cal. App. 4th 1607, 1617

1    (1995)); *see also Pasco v. Red Robin Gourmet Burgers, Inc.*, No. 1:11-CV-01402-AWI, 2011 WL

2    5828153, at \*9 (E.D. Cal. Nov. 18, 2011), *report and recommendation adopted*, No. 1:11-CV-

3    1402-AWI-SKO, 2011 WL 6153173 (E.D. Cal. Dec. 12, 2011) (same).

4            Accordingly, a triable issue of material fact exists whether Defendant had notice of

5    Plaintiff's claim of harassment sufficient to satisfy the DFEH's requirements.[3]

6              ##### 2.      ***Plaintiff's Emotional Distress Claims Are Not Barred***

7            Defendant contends that Plaintiff's claim for emotional distress is barred because "she

8    already recovered for her purported injuries of depression, anxiety and trouble sleeping in her

9    workers' compensation case." (Motion at 18:4-5.) However, it is well-established that emotional

10   distress injuries resulting from discrimination, harassment, and/or retaliation are not subject to the

11   exclusive remedy provisions of the Workers' Compensation Act, even if the injury was caused

12   entirely by activity at the workplace. *See, e.g.*, *Sinclair v. Servicemaster Co.*, No. CIV 07-0611

13   FCD/DAD, 2007 WL 2254448, at \*9 (E.D. Cal. Aug. 3, 2007) ("A claim for wrongful termination

14   in violation of public policy is one type of claim that is not barred by the exclusive remedy

15   provisions of the Workers' Compensation Act.") (quoting *Kovatch v. California Cas. Mgmt. Co.*,

16   65 Cal. App. 4th 1256, 1277 (1998), *disapproved of on other grounds by Aguilar v. Atl. Richfield

17   Co.*, 25 Cal. 4th 826 (2001)); *City of Moorpark v. Superior Court*, 18 Cal. 4th 1143, 1157 (1998)

18   ("[The Legislature intended the FEHA 'to amplify' [citation] other remedies and 'to expand'

19   [citation] the rights of persons who are victims of employment discrimination.") (quoting *Rojo v.

20   Kliger*, 52 Cal. 3d 65, 75, 80 (1990)); *Fretland v. Cty. of Humboldt*, 69 Cal. App. 4th 1478, 1492

21   (1999) (finding that the plaintiff's emotional distress claims were not barred because "work-related

22   injury discrimination is not a normal risk of the compensation bargain.") (citing *City of Moorpark*,

23   18 Cal. 4th at 1155)).

24   _____

25   [3] Defendant also fails to provide any factual allegations in support of the legal doctrine, either in
     its Answer or in the instant motion for summary judgment. (ECF No. 1-2 at 2:17-28; MSJ at

26   6:26-7:17; 14:9-14.) Defendant thus fails to give fair notice of the grounds for the defenses or
     explain how the defenses might apply in this case, and the argument is without merit. *See, e.g.*,

27   *Gomez*, 188 F. Supp. 3d at 994 (granting motion to strike affirmative defenses that were "devoid
     of factual allegations," with leave to amend.)

28

PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT, OR IN THE ALTERNATIVE,
SUMMARY ADJUDICATION

1    Even when an employee has or may bring a claim under the Workers' Compensation Act,

2    the employee may still bring a separate civil action where his or her injuries result from conduct

3    outside the normal risk of employment. *See, e.g.*, *Doutherd v. Montesdeoca*, No.

4    217CV02225MCEEFB, 2018 WL 3861570, at *4 (E.D. Cal. Aug. 14, 2018) ("Where the alleged

5    injury is 'collateral to or derivative of' an injury compensable by the exclusive remedies of the

6    WCA, a cause of action predicated on that injury may be subject to the exclusivity bar.") (quoting

7    *Charles J. Vacanti, M.D., Inc. v. State Comp. Ins. Fund,* 24 Cal. 4th 800, 811-812 (2001)). "[T]he

8    courts may award unlimited compensatory and punitive damages" for claims under the Fair

9    Employment and Housing Act ("FEHA") (Gov. Code, § 12965, subd. (c)(3))". *Murillo v. Rite Stuff*

10   *Foods, Inc*., 65 Cal. App. 4th 833, 842 (1998) (citing *Commodore Home Sys., Inc. v. Superior*

11   *Court*, 32 Cal. 3d 211, 215 (1982)).

12   Here, Defendant seeks to preclude an award of damages arising from Plaintiff's FEHA and

13   wrongful termination claims. While Defendant may seek an offset for any award that overlaps

14   Plaintiff's recovery from her workers' compensation claim, Defendant's claim would be limited

15   to ***the same damages*** Plaintiff is seeking to collect here.[4] However, Defendant fails utterly to show

16   that Plaintiff's claims do not arise from the alleged FEHA violations and wrongful termination,

17   rather than from the injuries underlying her worker's compensation claim. *See, e.g.*, *Accardi v.*

18   *Superior Court*, 17 Cal. App. 4th 341, 352 (1993), *as modified on denial of reh'g* (Aug. 20, 1993)

19   (finding that "a claim for emotional and psychological damage, arising out of employment, is not

20   barred where the distress is engendered by an employer's illegal discriminatory practices.")

21   (citation omitted); *Leibert v. Transworld Sys., Inc*., 32 Cal. App. 4th 1693, 1706–1707 (1995)

22   (finding that discrimination in violation of a fundamental public policy of the state "lies outside of

23   the exclusive remedy provisions of the Labor Code."); *Murray v. Oceanside Unified Sch. Dist.*, 79

24   Cal. App. 4th 1338, 1363 (2000) (same). Defendant is simply not entitled to a judgment barring

25

26   _____

27   [4] Even so, any equitable offset analysis applies only where a plaintiff has recovered remedies under
     Labor Code § 132a and FEHA.

28

PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT, OR IN THE ALTERNATIVE,
SUMMARY ADJUDICATION

all relief for damages arising from the instant civil suit, based solely on the assertion that Plaintiff had a worker's compensation claim.

### 3.    *Plaintiff's Punitive Damages Claim*

Defendant contends that Plaintiff's claim for punitive damages fails because Plaintiff cannot show that "Van Leeuwen (the termination decision maker) and/or Villeda (who recommended termination) are managing agents of WinCo because it is undisputed that they have no authority to determine corporate policy." (Motion at 19:6-8.) However, Defendant relies on the misapplication of relevant law.

California Civil Code 33294 provides in pertinent part that, "[i]n an action for the breach of an obligation not arising from contract, where it is proven by clear and convincing evidence that the defendant has been guilty of oppression, fraud, or malice," an employer may be liable for damages based upon acts of an employee where the employer "ratified the wrongful conduct for which the damages are awarded." Cal. Civ. Code § 3294.

"'[C]orporate policy' is the general principles which guide a corporation, or rules intended to be followed consistently over time in corporate operations. A 'managing agent' is one with substantial authority over decisions that set these general principles and rules." *Patterson v. Morgan Stanley Smith Barney*, No. CV F 10-2084 LJO BAM, 2012 WL 639483, at *18 (E.D. Cal. Feb. 24, 2012) (quoting *Cruz v. HomeBase*, 83 Cal. App. 4th 160, 167-168 (2000)). "Malice," "oppression," and "fraud" are defined as follows:

> (1) "Malice" means conduct which is intended by the defendant to cause injury to the plaintiff or despicable conduct which is carried on by the defendant with a willful and conscious disregard of the rights or safety of others.
>
> (2) "Oppression" means despicable conduct that subjects a person to cruel and unjust hardship in conscious disregard of that person's rights.
>
> (3) "Fraud" means an intentional misrepresentation, deceit, or concealment of a material fact known to the defendant with the intention on the part of the defendant of thereby depriving a person of property or legal rights or otherwise causing injury.

Cal. Civ. Code § 3294(c).

Accordingly, punitive damages may be assessed if a defendant and/or its managing agent(s)

26

1    acted in conscious disregard of the plaintiff's rights. *See, e.g, Praetorian Ins. Co. v. W. Milling,*

2    *LLC*, No. 115CV00557DADEPG, 2017 WL 4284717, at *9 (E.D. Cal. Sept. 27, 2017) (citing

3    *Cruz*, 83 Cal. App. 4th at 167).

4         "'Conscious disregard' means 'that the defendant was aware of the probable dangerous

5    consequences of his conduct, and that he willfully and deliberately failed to avoid those

6    consequences.'" *Pac. Gas & Elec. Co. v. Superior Court*, 24 Cal. App. 5th 1150, 1159 (2018), *as*

7    *modified on denial of reh'g* (July 26, 2018), *review denied* (Oct. 17, 2018) (quoting *Hoch v. Allied-*

8    *Signal, Inc*., 24 Cal. App. 4th 48, 61 (1994)). "In order to justify an award of punitive damages on

9    this basis, the plaintiff must establish that the defendant was aware of the probable dangerous

10   consequences of his conduct, and that he wilfully and deliberately failed to avoid those

11   consequences." *Mock v. Michigan Millers Mut. Ins. Co*., 4 Cal. App. 4th 306, 329 (1992).

12        Here, Defendant offers no evidence in support of Ms. Villeda and Ms. Van Leeuwen's

13   conclusory assertions that they do not determine corporate policy. (Van Leeuwen Decl. ¶ 21;

14   Villeda Decl. ¶ 13.) *See, e.g., Nigro, supra*, 784 F.3d at 497 ("The district court can disregard a

15   self-serving declaration that states only conclusions and not facts that would be admissible

16   evidence."); *Villiarimo, supra*, 281 F.3d at 1061 (same). To the contrary, Ms. Villeda's assertion

17   that the use of physical force is a "bright-line violation" of company policy contradicts the written

18   statements of policy. (SDF No. 3.) In addition, Ms. Villeda's recommendation was not subject to

19   review, and Ms. Van Leeuwen adopted it without question. (SDF No. 31, 32.) It is reasonable,

20   therefore, to infer Ms. Villeda's substantial authority to determine corporate policy. *See, e.g.,*

21   *Fuller v. City of Oakland, Cal*., 47 F.3d 1522, 1534 (9th Cir. 1995), *as amended* (Apr. 24, 1995)

22   (quoting *City of St. Louis v. Praprotnik*, 485 U.S. 112, 127 (1988)) (finding ratification where a

23   subordinate's decision was final.)); *Bergene v. Salt River Project Agr. Imp. & Power Dist*., 272

24   F.3d 1136, 1141 (9th Cir. 2001). (finding a manager's retaliatory motive imputed to the corporate

25   entity where the manager, though not the final decisionmaker, was involved in the hiring decision

26   at issue).

27        Finally, Defendant has failed to show that Ms. Villeda and Ms. Van Leeuwen were not

28

27

PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT, OR IN THE ALTERNATIVE,
SUMMARY ADJUDICATION

aware of the probable consequences of their decision to terminate Plaintiff's employment. Indeed, the record to date gives rise to the reasonable inference that one or both willfully and deliberately failed to avoid those consequences. Triable issues of material fact exist whether Ms. Villeda and Ms. Van Leeuwen were Defendant's "managing agents" and whether the decision to terminate was made in "conscious disregard" of Plaintiff's rights. Accordingly, Defendant's motion should be denied on this ground.

## IV.   **CONCLUSION**

For the reasons set forth above, Defendant has failed to show 1) that there is no genuine dispute as to any material fact, and 2) that Defendant is entitled to judgment as a matter of law, and the motion should be denied in its entirety.

Date: September 15, 2020              Respectfully submitted,
                                       LAW OFFICES OF TODD M. FRIEDMAN, P.C.


                              By:    _/s/ Meghan E. George_____
                                     Todd M. Friedman
                                     Meghan E. George
                                     Attorneys for Plaintiff
                                     ERIN JOHNSON

PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT, OR IN THE ALTERNATIVE, SUMMARY ADJUDICATION